UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS – MCALLEN DIVISION

| | |
|---|---|
| IBS WAREHOUSING LLC AND<br>CI LOGISTICS, LLC<br><br>　　　　Plaintiff,<br>　vs.<br><br>UNDERWRITERS AT LLOYD'S LONDON doing business as CERTAIN UNDERWRITERS AT LLOYD'S LONDON; INDIAN HARBOR INSURANCE COMPANY; QBE SPECIALTY INSURANCE COMPANY; STEADFAST INSURANCE COMPANY; GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA; UNITED SPECIALTY INSURANCE COMPANY; LEXINGTON INSURANCE COMPANY; PRINCETON EXCESS AND SURPLUS LINES INSURANCE COMPANY; and INTERNATIONAL INSURANCE COMPANY OF HANNOVER SE<br><br>　　　　Defendants. | Civil Action No.: 7:18-cv-285 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Petitioners, defendants CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING SEVERALLY to Certificate No. AMR-53478-01 ("Underwriters") and INTERNATIONAL INSURANCE COMPANY OF HANNOVER SE ("Hannover"), who are defendants in the above entitled action, through their counsel of record, without waiving any defenses or objections herein, hereby remove this cause (bearing Suit Number C-2066-17-H) from the District Court for Hidalgo County, Texas to the United States District Court for the Southern District of Texas – McAllen Division pursuant to 28 U.S.C. 1441 and 1446, and would show as follows:

## The State Court Action

1. The state court action which is removed to this Court was filed by Plaintiffs in in the District Court for Hidalgo County, Texas against Defendants, including Underwriters and Hannover, seeking damages for an alleged breach of contract due to Defendants' denial of their insurance claim for damages to their property located at 6800 International Parkway, McAllen, Texas allegedly caused by a May 31, 2016 hail storm. A true and accurate copy of Plaintiffs' Original Petition is annexed hereto as Exhibit B.1.

2. Following commencement of this action, the Parties filed Joint Notice of Referral to Arbitration and Joint Motion for Stay of Proceedings. In this Joint Notice the Parties specifically agreed that the Federal Arbitration Act ("FAA") applies to the Policy and Plaintiffs' claims. A true and accurate copy of the Joint Notice of Referral to Arbitration and Joint Motion for Stay of Proceedings is annexed hereto as Exhibit B.3.

3. By Order dated August 2, 2017, the Hidalgo County Court granted the Joint Motion for Referral to Arbitration and Joint Motion for Stay of Proceedings and retained any rights it may have under 9 U.S.C. § 5 of the FAA. A true and accurate copy of this Order is annexed hereto as Exhibit C.1.

## The Insurance Policy

4. Defendants issued a policy of insurance to Plaintiffs which provided Commercial Property coverage for the property located at 6800 International Parkway, McAllen, Texas for the policy period of May 28, 2016 through May 28, 2017 subject to the terms, conditions, exclusions and limitations contained in the Policy.

5. The Policy's Arbitration Clause states, in pertinent part:

> C. ARBITRATION CLAUSE: All matters in difference

between the Insured and the Companies (hereinafter referred to as "the parties') in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out.

Unless the parties agree upon a single Arbitrator within thirty days of one receiving a written request from the other for Arbitration, the Claimant (the party requesting Arbitration) shall appoint his Arbitrator and give written notice thereof to the Respondent. Within thirty days or receiving such notice, the Respondent shall appoint his Arbitrator and give written notice thereof to the Claimant, failing which the Claimant may nominate an Arbitrator on behalf of the Respondent.

Should the Arbitrators fail to agree, they shall appoint, by mutual agreement only, an Umpire to whom the matter in difference shall be referred.

Unless the parties otherwise agree, the Arbitration Tribunal shall consist of persons employed or engaged in a senior position in Insurance underwriting or claims.

The Arbitration Tribunal shall have power to fix all procedural rules for the holding of the Arbitration including discretionary power to make orders as to any matter which it may consider proper in the circumstances of the case with regard to pleadings, discovery, inspection of documents, examination of witnesses and any other matter whatsoever relating to the conduct of the Arbitration and may receive and act upon such evidence whether oral or written strictly admissible or not as it shall in its discretion think fit.

All costs of the Arbitration shall be in the discretion of the Arbitration Tribunal who may direct to and by whom and in what manner they shall be paid.

The seat of the Arbitration shall be in New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance.

* * *

## Basis for Removal

6. Removal is based on this Court's federal question jurisdiction under 26 U.S.C. §§ 1441 and 1446 because there is a valid arbitration clause that falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, (also known as the "Convention"), and, thus, this Court has original jurisdiction pursuant to 9 U.S.C. §§ 202, 203 and 205. In removing this cause, Removing Defendants specifically preserve and do not waive any defenses whatsoever, including but not limited to any Rule 12 affirmative defenses.

7. Both Plaintiffs and Defendants agree that they are parties to the insurance contract referred to as the "Policy" which contains an arbitration clause. See Ex. B.1. ¶ 15; Ex. 2 ¶¶ 2-3. Defendants, through their counsel, invoked their right to arbitrate all matters in dispute via letter dated July 5, 2017. Regardless of the referral to arbitration, the fact that suit has been filed for losses allegedly covered under the Policy warrants removal under the Convention.

8. Removing Defendants are comprised of the following non-exclusive list of citizens of countries other than the United States:

   a. Hannover is registered under the laws of Germany and has its principal place of business in Hannover, Germany;

   b. Underwriters are partially comprised of the following:[1]

      i. Tokio Marine Kiln Syndicate 510 is an unincorporated association, the managing agent of which is Tokio Marine Kiln Syndicates Limited and the majority corporate member is Tokio Marine Kiln Group Limited, registered in England and Wales and has its principal place of business in London, England.

---

[1] The below listing is an incomplete list of the Underwriters participating on the risk. The list is not intended to be exhaustive but merely to show the extent to which the following are citizens of countries other than the United States.

ii. QBE Syndicate 1886 is an unincorporated association, headquartered in London, England, with members who are registered in England.

iii. Hiscox Syndicate 33 is an unincorporated association headquartered in London, England, with members who are registered in England.

9. The Convention is an international treaty that guarantees citizens of signatory countries the right to enforce agreements to arbitrate disputes. As the Supreme Court has explained, "[t]he goal of the convention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements and international contracts and to unify the standard by which the agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." *Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 520 n. 15 (1974). Over one hundred countries have signed the Convention, including the United States, Germany and the United Kingdom of Great Britain and Northern Ireland. In 1970, Congress enacted Chapter 2 of the Federal Arbitration Act, 9 U.S.C. §§ 201-208 (the "Convention Act") "to establish procedures for our courts to implement the Convention." *McDermott Int'l, Inc. v. Lloyd's Underwriters of London*, 944 F.2d 1199, 1208 (5th Cir. 1991).

10. The Convention Act is part of the Arbitration Act, 9 U.S.C. § 1 et seq. Chapter 1 of Title 9 is the Federal Arbitration Act ("FAA"). Chapter 2 of Title 9 is the Convention Act. Section 208 of the Convention Act incorporates the FAA into the Convention Act to the extent the FAA is not inconsistent with the Convention Act or the Convention. *See* 9 U.S.C. § 208.

11. Federal district courts have original jurisdiction for claims that arise under the Constitution, treaties or laws of the United States. 28 U.S.C. § 1331. Pursuant to 9 U.S.C. § 203, "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws

and treaties of the United States and [t]he district courts of the United States (including the courts enumerated in section 460 of title 28) shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy." When suits raising a federal question are brought in state courts, they may be removed to the federal district court where the action is pending. 28 U.S.C. § 1441(a).

12. In addition, § 205 provides that "[w]here the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may … remove such action or proceedings to the district court of the United States for the district and division embracing the place where the action or proceeding is pending." 9. U.S.C. § 205. Courts have recognized that this removal provision is one of the broadest. *Acosta v. Master Maint. & Constr.*, 452 F.3d 373, 377 (5th Cir. 2006). The general rule that removal is strictly construed and cautiously granted does not apply in cases involving the Convention because "Congress created special removal rights to channel cases into federal court." *Id.* (quoting *McDermott Int'l v. Lloyds*, 944 F.2d at 1213)).

13. The Convention applies to international arbitration agreements when: (1) there is an agreement in writing to arbitrate the dispute; (2) the agreement provides for arbitration in the territory of a Convention signatory; (3) the agreement arises out of a commercial legal relationship, and (4) a party to the agreement is not an American citizen." *Francisco v. Stolt Achievement MT*, 293 F.3d 270, 273 (5th Cir. 2002); *Tiensch v. Plus Sms Holdings*, No. A-09-CA-334 LY, 2009 U.S. Dist. LEXIS 139990, at *7 (W.D. Tex. June 25, 2009). The Fifth Circuit has recognized the broad sweep of actions removal under the Convention. *See e.g., Beiser v. Weyler,* 284 F.3d 665, 669 (5th Cir. 2002) ("[W]henever an arbitration agreement falling under the Convention could *conceivably* affect the outcome of the plaintiff's case, the agreement "relates to" . . . the plaintiff's

suit."). Indeed, the Fifth Circuit has recognized that a dispute under an insurance policy containing an arbitration clause with an international party is subject to arbitration under the Convention. *See e.g., Acosta v. Master Maintenance & Const., Inc.*, 452 F.3d 373 (5th Cir. 2006).

14. Here, factors (1), (2) and (3) are easily met because the insurance policy is a contract between the parties that contains a written arbitration agreement for arbitration to take place in United States, which is a signatory country. See Ex. 1 ¶ 15; Ex. 2 ¶¶ 2-3; Ex. 4. Factor (4) is also met because Hannover is a registered under the laws of Germany and has its principal place of business in Hannover, Germany. As such, the mere presence of Hannover in the litigation warrants removal. Furthermore, the subscribing Underwriters must also be considered citizens of countries other than the United States. As such, there is no question that the dispute involves parties that are citizens of countries other than the United States. Thus, the entirety of the dispute filed by Plaintiffs against Defendants "relates to" the Policy, which includes the mandatory enforcement of the arbitration provision that requires arbitration to be held in New York and under New York law due to the presence of multiple parties that are citizens of countries other than the United States. Accordingly, this cause is properly removed based on federal question jurisdiction.

**Timeliness of Removal**

15. Section 205 of the New York Convention expressly states that the case may be removed on this basis "at any time before trial." *See Tiensch v. Plus Sms Holdings*, 2009 U.S. Dist. LEXIS 139990, at *20-21 (W.D. Tex. June 25, 2009) (citing *McDermott Int'l v. Lloyds*, 944 F.2d 1199, 1209-1210 (5th Cir. 1991) (rejecting Plaintiff's contention that Defendants had waived removal by engaging in state court litigation because the applicable removal statute permits a suit to be removed any time before trial); *see also Dahiya v. Talmidge Int'l, Ltd.*, 371 F.3d 207, 208 (5th Cir. 2004) (noting that, although a delay of more than 30 days would ordinarily preclude

removal under 28 U.S.C. § 1446(b), Section 205 allows removal at any time prior to trial). Thus, removal is timely.

## Consent to Removal by All Defendants

16. As set forth in Exhibit 1, all other defendants, i.e. Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company and Princeton Excess and Surplus Lines Insurance Company, consent to the removal of this action. Regardless, consent of the other defendants is not required. *See e.g., Arango v. Guzman Advisors Corp.*, 621 F.2d 1371 (5th Cir. 1980) (international party has right to remove regardless of any other party's consent).

## Notice to Others

17. In accordance with 28 U.S.C. § 1446(d), Removing Defendants will promptly give notice to all parties in writing, and shall file a copy of the notice of filing of notice of removal with the Clerk of the state court.

**WHEREFORE**, Defendants Underwriters at Lloyd's London doing business as Certain Underwriters at Lloyd's London and International Insurance Company of Hannover SE hereby remove this action from the District Court for Hidalgo County, Texas to the United States District Court for the Southern District of Texas – McAllen Division.

Respectfully submitted this 7th day of September, 2018.

Respectfully submitted,

/s/ *Carter L. Ferguson*
Carter L. Ferguson
State Bar No. 06909500
Federal I.D. No. 33538
cferguson@belaw.com
Jerrod L. Rinehart
State Bar No. 24060494
Federal I.D. No. 908847
jrinehart@belaw.com

BRACKETT & ELLIS,
A Professional Corporation
100 Main Street
Fort Worth, TX 76102
817.338.1700
817.870.2265 facsimile

ATTORNEYS FOR DEFENDANTS THOSE CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING SEVERALLY TO CERTIFICATE NUMBER AMR053478-01, INDIAN HARBOR INSURANCE COMPANY, QBE SPECIALTY INSURANCE COMPANY, STEADFAST INSURANCE COMPANY, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, UNITED SPECIALTY INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, PRINCETON EXCESS AND SURPLUS LINES INSURANCE COMPANY POLICY, AND INTERNATIONAL INSURANCE COMPANY OF HANNOVER

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent to all parties and counsel of record, pursuant to the Federal Rules of Civil Procedure, addressed as follows:

**Via Electronic Filing**

Lance A. Kirby
Jones, Galligan, Key & Lozano, LLP
Town Center Tower
2300 West Pike Blvd.
Suite 300
Weslaco, Texas 78596
lakirby@jgkl.com

Jared T. Greisman
Fleischner Potash LLP
14 Wall Street, Suite 5C
New York, NY 10005
jgreisman@fleischnerpotash.com

DATED this 7th day of September, 2018

/s/ *Carter L. Ferguson*
Carter L. Ferguson

818642-v2/13407-019000